# United States Court of Appeals
### For the Eighth Circuit

———————————————

No. 18-2636

———————————————

United States of America

*Plaintiff - Appellee*

v.

Damon Tracy Locke

*Defendant - Appellant*

———————

Appeal from United States District Court
for the Southern District of Iowa - Davenport

———————

Submitted: May 13, 2019
Filed: June 13, 2019
[Unpublished]

———————

Before COLLOTON, BEAM, and SHEPHERD, Circuit Judges.

———————

PER CURIAM.

Damon Locke pled guilty to conspiracy to distribute at least 500 grams of methamphetamine mixture and 50 grams of actual methamphetamine in violation of

21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846. The district court[1] sentenced him to 262 months imprisonment as a career offender. He appeals, arguing his prior convictions did not constitute proper predicate offenses. Having jurisdiction pursuant to 28 U.S.C. § 1291, we affirm.

Under United States Sentencing Guidelines § 4B1.1(a), a controlled substance defendant is a career offender if he "has at least two prior felony convictions of either a crime of violence or a controlled substance offense." Locke had three prior state drug convictions for possession of cocaine base with intent to deliver, delivery of cocaine base, and possession of cocaine with intent to deliver, each a felony under Iowa Code Ann. § 124.401(1). Therefore, his presentence investigation report described him as a career offender and advised a sentencing range of 262-327 months. Locke objected to the career offender designation below, claiming his prior convictions were too old to qualify as predicate offenses. On appeal, he shifts his argument, now alleging his prior convictions do not constitute predicate offenses regardless of their age because convictions under Iowa Code Ann. § 124.401(1) cannot count as predicate offenses.

Because Locke did not argue his current claim below, we review for plain error. United States v. Pirani, 406 F.3d 543, 549 (8th Cir. 2005) (en banc). Locke must demonstrate "(1) error, (2) that is plain, and (3) that affects [his] substantial rights," and we will notice the error if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings." Johnson v. United States, 520 U.S. 461, 466-67 (1997).

"To determine whether a prior conviction qualifies as a controlled substance offense," we use the categorical approach, asking "whether the state statute defining

---

[1]The Honorable John A. Jarvey, Chief Judge, United States District Court for the Southern District of Iowa.

the crime of conviction categorically fits within the generic federal definition of a corresponding controlled substance offense." United States v. Maldonado, 864 F.3d 893, 897 (8th Cir. 2017) (alteration, internal quotation marks, and citations omitted). If the state statute is broader than the generic federal definition, we may then use the modified categorical approach if the state statute is divisible into "multiple, alternative versions of the crime." Id. (quoting Descamps v. United States, 570 U.S. 254, 262 (2013)). By looking to "a limited class of documents (for example, the indictment, jury instructions, or plea agreement and colloquy) to determine what crime, with what elements, a defendant was convicted of," we can "then compare that crime . . . with the relevant generic offense." Mathis v. United States, 136 S. Ct. 2243, 2249 (2016). The modified categorical approach only applies if the state statute lists alternative elements—that is, "things the prosecution must prove to sustain a conviction"—rather than alternative means that "need neither be found by a jury nor admitted by a defendant." Id. at 2248 (internal quotation marks omitted).

The generic federal definition of a controlled substance offense includes manufacturing, distributing, or possessing with intent to distribute a controlled substance. USSG § 4B1.2(b). Because Iowa Code Ann. § 124.401(1) prohibits not just controlled substances but counterfeit, simulated control, and imitation controlled substances as well, Locke argues it is broader than the generic federal offense. However, the inquiry does not end there. Although we have previously determined that § 124.401(1) goes further than the generic offense, we have found the statute divisible under the modified categorical approach, with the different types of drugs constituting different elements of the offense to be found by the jury. United States v. Ford, 888 F.3d 922, 930 (8th Cir. 2018).

Looking to the "limited class of documents" in this case, Mathis, 136 S. Ct. at 2249, Locke's prior convictions involved the same element of § 124.401(1) that is found in the generic federal offense, controlled substances—here, crack cocaine and cocaine. Because the "version[] of the crime" of which Locke was convicted matches

the generic federal definition, <u>Descamps</u>, 570 U.S. at 262, Locke's prior convictions qualify him for the career offender designation.  Therefore, the district court did not err in enhancing his sentence.  We affirm.

_____